Dear Mayor Waldon:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. According to your request, the Town of Stonewall would like to rent office space to a local newspaper. You ask for our opinion as to whether such a practice is allowed under Louisiana law.
La.Rev.Stat. 33:4712 (A) authorizes a municipality, such as the Town of Stonewall, to sell, exchange, or lease property and provides the following:
 § 4712. Sale, exchange, or lease of property by a municipality
 A. A municipality may sell, lease for a term of up to ninety-nine years, exchange, or otherwise dispose of, to or with other political corporations of this state, or private persons, at public or private sale, any property, or portions thereof, including real property, which is, in the opinion of the governing authority, not needed for public purposes.
La.Rev.Stat. 33:4712 (B) and (C) further outline the procedure that must be followed in order for a municipality to sell, exchange, or lease public property. Subsections (B) and (C) provide as follows:
 B. Except as otherwise provided in this Section, before disposition can be made of property under the provisions of this Subpart, an ordinance must be introduced, giving the reasons for the action on the part of the governing authority, and fixing the minimum price and terms of the sale, lease, exchange, or other contract to be made with reference to the property. In instances of exchanges of municipally owned immovable property valued at one hundred thousand dollars or more, the municipality, prior to introduction of *Page 2 
the aforementioned ordinance, shall for a minimum of three times in thirty days advertise for and receive other proposals for the exchange of property comparable with the exchange of properties proposed by the municipality; however, exchanges involved in the relocation of public streets, roads, highways, servitudes, rights of way, and/or public franchises shall not be subject to this requirement. Thereafter, notice of the proposed ordinance must be published three times in fifteen days, one week apart, in a newspaper published in the municipality or, if there is no such newspaper, in a newspaper having a general circulation in the municipality, and if there is no newspaper of general circulation in the municipality, by posting in three public and conspicuous places in the municipality.
 C. Any opposition to the proposed ordinance shall be made in writing, filed with the clerk or secretary of the municipality within fifteen days after posting of the above notice or its first publication. If an opposition is filed, the governing authority shall not adopt the ordinance until a hearing has been held. If the ordinance is adopted, it shall not become effective until ten days after its passage, during which time any interested citizen may apply to the district court having jurisdiction of the municipality for an order restraining the disposition of the property. After the ordinance becomes effective, it cannot be contested for any reason.
Thus, pursuant to La.Rev.Stat. 33:4712, if the Town of Stonewall intends to lease office space, it must first declare that such space is no longer needed for public purposes. Then, an ordinance outlining the details of the proposed lease must be introduced. Notice of the proposed ordinance must also be given in order to give the public an opportunity to be heard on the proposed transaction. Subsection (C) of La.Rev.Stat. 33:4712 further provides that any opposition to the proposed ordinance shall be made in writing and if an opposition is filed, the Town of Stonewall shall not adopt the ordinance until a hearing has been held. In the event the ordinance is adopted, it shall not become effective until ten (10) days after its passage. During this time, any person may seek a court order enjoining the lease of the property. After the ordinance becomes effective, it cannot be contested for any reason.
We also note that in order to comply with the constitutional mandates of Article VII, Section 14[1] of the Louisiana Constitution, the Town of Stonewall must *Page 3 
receive at least fair market value in return for the use of its surplus immovable property.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY-GENERAL
 BY: __________________________ MICHAEL J. VALLAN Assistan Attorney General
 JDC/MJV/chb
[1] Article VII, Section 14 of the Louisiana Constitution of 1974 provides, in pertinent part, the following: "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivisions shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private." This section mandates that, at a minimum, a public entity receive fair market value in return for the use of its surplus immovable property. This office has previously opined that fair market value is best achieved by public bid, after the minimum bid is established by appraisal.